UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROYCE CORLEY,

      Plaintiff,

 -against-

UNITED STATES OF AMERICA, DEPARTMENT OF
JUSTICE, FEDERAL BUREAU OF PRISONS,
METROPOLITAN DETENTION CENTER,
METROPOLITAN CORRECTIONAL CENTER, FRANK
STRADA, ERIC BRADLEY, GERALD BRYANT,
DAVID ORTIZ, HOSSAM GEORGY, PAMELA
HAMILTON, SIXTO RIOS, JAIME ALTMAN, KIMO
ELRAHEB, HERMAN DUPREE, LUIS MUNOZ,
PHILLIP ZAVECKAS, DONNELL ISAAC, JOSEPH
RONDE, CATHERINE LINAWEAVER, JOHN DOE,
CHARLESTON IWUAGWU, JANE OKOTH, RALPH
GUILLAUME, MICHAEL HANDLER, RICHARD
ARCE, ARLENE COLLIER, TONY TRAPP, and TONY
HAYNES,

      Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**14-CV-925 (NGG) (SMG)**

D/F

NICHOLAS G. GARAUFIS, United States District Judge.

 Plaintiff Royce Corley brings this action pro se against Defendants the United States of America, the Department of Justice, the Federal Bureau of Prisons ("FBOP"), the Metropolitan Detention Center ("MDC"), and the Metropolitan Correctional Center ("MCC"), and also against several individuals employed by the MDC and the MCC (the "Individual Defendants"): Jaime Altman, Richard Arce, Eric Bradley, Gerald Bryant, Arlene Collier, John Doe, Herman Dupree, Kimo Elraheb, Hossam Georgy, Ralph Guillaume, Pamela Hamilton, Michael Handler, Tony Haynes, Donnell Isaac, Charleston Iwuagwu, Catherine Linaweaver, Luis Munoz, Jane Okoth, David Ortiz, Sixto Rios, Joseph Ronde, Frank Strada, Tony Trapp, and Phillip Zaveckas. (Second Am. Compl. ("SAC") (Dkt. 61); SAC Suppl. (Dkt. 62).) Plaintiff asserts several claims

1

under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), common-law tort, and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

The parties have submitted dispositive cross-motions: Defendants moved for partial dismissal or, alternatively, for partial summary judgment ("Defendants' Motion") (Defs.' Mot. (Dkt. 88)), and Plaintiff cross-moved for partial judgment on the pleadings or, alternatively, for partial summary judgment ("Plaintiff's Cross-Motion") (Pl.'s Cross-Mot. (Dkt. 89)). Before the court is a Report and Recommendation ("R&R") from Magistrate Judge Steven M. Gold recommending that the court should dismiss several of Plaintiff's claims, and that certain others should be severed and transferred to the Southern District of New York. (R&R (Dkt. 94).) Plaintiff has objected to the R&R on several grounds. (See Objs. (Dkt. 96).)

For the reasons stated below, Plaintiff's objections are OVERRULED and the R&R is ADOPTED IN FULL.[1] Accordingly, Defendants' Motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's Cross-Motion is DENIED.

I. BACKGROUND

A. Factual Allegations

Plaintiff was incarcerated at the MDC from January 29, 2013, until April 4, 2013, and at the MCC from April 4, 2013 until May 1, 2014. (Defs.' R. 56.1 Statement ("Defs. 56.1") (Dkt. 88 Ex. 1) ¶¶ 1-2; Pl.'s R. 56.1 Statement ("Pl. 56.1") (Dkt. 89) ¶¶ 1-2.) Plaintiff alleges that he displayed "obvious symptoms of dermatitis or eczema" during a medical examination at the MDC on February 1, 2013, and that his repeated requests for treatment were not satisfactorily addressed until March 18, 2013, when he was "prescribed medication [that] significantly treated these ailments." (See SAC ¶¶ 13-16, 18-20, 24.) In addition, Plaintiff claims that he cracked his

---

[1] Because the court rejects all of Plaintiff's objections, the court adopts the R&R without waiting for a response from Defendants.

2

tooth while eating uncooked rice on February 23, 2013, causing him great pain, and that he was denied appropriate care until he underwent dental surgery on March 14, 2013. (Id. ¶¶ 17-19, 21, 23.)

Plaintiff was transferred from the MDC to the MCC on April 4, 2013. (Defs. 56.1 ¶ 2; Pl. 56.1 ¶ 2.) Plaintiff complains that, upon his arrival at the MCC, he was placed in a "Special Housing Unit (SHU) without a hearing or any reasons given." (SAC ¶¶ 26-27.) Plaintiff further alleges that his eczema medication ran out on September 6, 2013, and that MDC staff failed to refill his prescription until January 30, 2014. (Id. ¶¶ 28-36.)

### B. Procedural History

Plaintiff initiated this action on February 10, 2014 (see Compl. (Dkt. 1)), and filed his Second Amended Complaint on December 19, 2014 (see SAC). Plaintiff asserts four claims ("Counts I to IV") under the FTCA and common-law tort, with claims sounding in medical malpractice, negligence, infliction of emotional distress, and false imprisonment. (Id. ¶¶ 40-55.) Plaintiff brings these claims against the United States and several Individual Defendants in their official capacity as employees of the MDC, the MCC, and DOJ. Plaintiff asserts six claims ("Counts V to X") under Bivens, alleging unconstitutional conduct related to deliberate indifference to health and medical needs, equal protection violations, retaliation for filing administrative grievances, and conspiracy to retaliate. (Id. ¶¶ 55-64.) These claims are asserted against the Individual Defendants, ostensibly in both their official and individual capacities.

On September 3, 2015, Defendants filed the parties' fully briefed dispositive cross-motions with the court. (See Defs.' Mot.; Pl.'s Cross-Mot.; Reply in Supp. of Def.'s Mot. ("Def.'s Reply") (Dkt. 90).) On October 6, 2015, the court referred both motions to Judge Gold for an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Oct. 8, 2015, Order Referring Mots.)

On September 6, 2016, Judge Gold issued an R&R recommending that Defendants' Motion be granted in part and denied in part, and that Plaintiff's Cross-Motion be denied. (R&R at 3.) Specifically, Judge Gold recommends that:

> (1) Count III (an FTCA claim based on events that took place at the MCC) be dismissed as time-barred under 28 U.S.C. § 2401(b);
>
> (2) Defendants' motion to dismiss Count IV (an FTCA claim based on events that took place at the MCC) as unexhausted, be denied;
>
> (3) All common law tort claims asserted against individual defendants in Count III (if not dismissed as time-barred), and in Counts I, II and IV (FTCA claims based on events that took place at the MDC and MCC) be dismissed;
>
> (4) If and to the extent they survive defendants' motion, Counts III and IV (FTCA claims based on events that took place at the MCC) be severed and transferred to the Southern District of New York;
>
> (5) Counts V through X (Bivens claims based on events that took place at the MDC and MCC), to the extent they are asserted against individual defendants in their official capacities, be dismissed;
>
> (6) Count VIII (a Bivens claim based on events that took place at the MCC) and Counts IX and X (Bivens claims based on events that took place at the MDC and MCC) to the extent they are asserted against individuals who were employed at all relevant times at the MCC, be dismissed for failure to exhaust or, in the alternative, transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a); and
>
> (7) Count V (a Bivens claim based on events that took place at the MDC) and Count IX (a Bivens claim based on events that took place at the MDC and the MCC) be dismissed pursuant to 42 U.S.C. § 233(a) insofar as they are brought against individual defendants Jaime Altman and Pamela Hamilton.

(Id. at 21-22.) Plaintiff timely filed objections to these recommendations within 14 days of the R&R's issuance. (See Objs.)

## II. LEGAL STANDARDS

### A. Review of a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district court

'may adopt those portions of the Report to which no objections have been made and which are not facially erroneous.'" Locurto v. United States, No. 10-CV-4589 (NGG) (JO), 2016 WL 4257550, at *2 (E.D.N.Y. Aug. 12, 2016) (quoting La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). The court shall review de novo any portions of the R&R to which a party timely objected. 28 U.S.C. § 636(b)(1). If, however, "a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Locurto, 2016 WL 4257550, at *2 (quoting Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)). In addition, "courts 'ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.'" Id. (quoting Kennedy v. Adamo, No. 02-CV-1776 (ENV) (RML), 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 Fed. App'x. 34 (2d Cir. 2009) (summary order)).

### B. Motions for Dismissal or Judgment on the Pleadings

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must plead specific facts sufficient to support a plausible inference that the defendant is liable for the misconduct alleged. While 'the plausibility standard is not akin to a probability requirement, it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Doe v. Columbia Univ., No. 15-1536, 2016 WL 4056034, at *6 (2d Cir. July 29, 2016) (internal citations and alterations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The same standard applies to motions for judgments on the pleadings under Rule 12(c). Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 78 (2d Cir. 2015).

### C. Motions for Summary Judgment

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

5

law." Fed. R. Civ. P. 56(a). The court is "required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted). The moving party bears the burden of establishing that there are no genuine issues of material fact; if the moving party makes such a showing, the burden shifts to the non-moving party to identify specific disputed facts that raise a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986).

## III. DISCUSSION

This case is procedurally complex. Plaintiff asserts multiple claims against multiple defendants, which are assessed in an R&R that makes multiple recommendations as to dispositive rulings and transfers, to which Plaintiff objects on multiple grounds. In the interests of clarity, the court's analysis will proceed in the following order. First, the court will resolve Defendants' dispositive motions as to the ten counts in the Second Amended Complaint, beginning with the FTCA and common-law tort claims (Counts I to IV) before turning to the Bivens claims (Counts V to X). The court will review Judge Gold's recommendations and any objections thereto, and will then determine which claims survive as to which defendants. Second, the court will review Judge Gold's recommendation that certain surviving claims be severed and transferred to another jurisdiction. Third, the court will address any remaining issues in Plaintiff's objections.

### A. Plaintiff's FTCA and Common-Law Tort Claims (Counts I to IV)

In these counts, Plaintiff alleges negligence and other tortious acts by the United States and various Individual Defendants. Plaintiff alleges negligence in failing to treat his eczema in a timely manner at the MDC (Count I) and the MCC (Count IV); in preparing his food and failing

6

to address his cracked tooth in a timely manner (Count II); and in placing him in the MCC SHU and depriving him of various amenities for three days (Count III). (See SAC ¶¶ 41-55.) For the reasons stated below, Count III is dismissed as untimely; Defendants' motion to dismiss the FTCA claim in Count IV is denied; and Counts I, II, and IV are dismissed with regard to the common-law tort claims asserted against Individual Defendants.

1. Timeliness of Count III

Judge Gold recommends that Count III be dismissed as time-barred under 28 U.S.C. § 2401(b). (R&R at 21.) Plaintiff objects on two separate grounds: (1) waiver and (2) equitable tolling or estoppel. In light of these objections, the court reviews Count III's timeliness de novo. The court finds that Count III should be dismissed in its entirety.

a. *Objection 1: Waiver*

Plaintiff's first objection is that Judge Gold should not have considered the timeliness of Count III because Defendants did not raise the issue in their motion papers. (See Objs. at 1.) Plaintiff is correct that "the statute of limitations is ordinarily 'an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver.'" Walters v. Indus. & Commercial Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) (quoting John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133 (2008)). Nonetheless, "district courts may dismiss an action sua sponte on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" Id. (quoting Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980)). The Supreme Court has cautioned that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210 (2006).

With that standard in mind, the court turns to the FTCA's two limitations periods. First, a tort claim must be "presented to the appropriate Federal agency within two years" of its accrual; and second, any ensuing federal action must be commenced within six months after the agency mails its final denial. 28 U.S.C. § 2401(b). Plaintiff argues that the allegations underlying Count III were included in an administrative claim that he timely filed on May 15, 2013, and which was rejected on May 31, 2013.[2] (SAC ¶ 51.) Plaintiff alleges that "[t]his action was timely commenced following receipt of the denial." (Id.) Plaintiff's own filings show this claim to be false. Plaintiff initiated this action on February 10, 2014, more than eight months after his administrative claim was denied. (See Compl.) Moreover, Plaintiff's original complaint did not include any allegations relating to SHU placement at the MCC; these allegations first appeared in the First Amended Complaint, filed three months later on May 2, 2014. (See Mot. to Amend (Dkt. 14) at 8.)

The court thus finds that "the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." Walters, 651 F.3d at 293 (internal quotation marks and citations omitted). The parties were afforded "fair notice and an opportunity to present their positions," as required by Day, 547 U.S. at 210, because Judge Gold clearly outlined the time bar in the R&R and Plaintiff availed himself of the opportunity to object. The court is thus within its authority to dismiss Count III sua sponte, pending resolution of Plaintiff's remaining objection.

---

[2] The parties' recitation of undisputed facts states that the administrative claim was denied June 3, 2013. (Defs. 56.1 ¶ 10; Pl. 56.1 ¶ 10.) The disposition of this claim remains the same whether the court uses a denial date of May 13, 2013, as stated in the Second Amended Complaint, or June 3, 2013, as stated in the 56.1 Statements.

8

b. *Objection 2: Equitable Tolling or Estoppel*

Plaintiff complains that Judge Gold "never considered whether grounds for equitable tolling or estoppel may be applicable to this case, e.g., if the final denial was: (1) received six months after the alleged date of mailing," or (2) "never mailed 'by certified or registered mail,'" as required by 28 U.S.C. § 2401(b). (Objs. at 2 (citing United States v. Kwai Fun Wong, —— U.S. ——, 135 S. Ct. 1625, 1638 (2015) ("FTCA's time bars are nonjurisdictional and subject to equitable tolling.")).) Plaintiff concedes, however, that his administrative claim was denied within a month of submission (SAC ¶ 51; Pl. 56.1 ¶ 10), and he has pled no facts suggesting equitable grounds for excusing his untimeliness in filing a private action based on Count III.

"As a general principle, equitable tolling allows a late filing when a plaintiff 'has been pursuing his rights diligently and some extraordinary circumstance stood in his way.'" Boykin v. KeyCorp, 521 F.3d 202, 218 (2d Cir. 2008) (alterations omitted) (quoting Torres v. Barnhart, 417 F.3d 276, 278 (2d Cir. 2005)). Equitable estoppel, meanwhile, "is invoked in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay in bringing his lawsuit." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 802 (2d Cir. 2014) (footnote omitted) (quoting Cerbone v. Int'l Ladies' Garment Workers' Union, 768 F.2d 45, 49-50 (2d Cir. 1985)).

Plaintiff alleges no extraordinary circumstances that delayed the initiation of this action, or that would explain Count III's absence in the original complaint. Plaintiff accuses Defendants of retaliating against him for filing his administrative grievances, but alleges no specific facts that would account for delayed filings. The court finds no basis for equitable tolling or estoppel. The court rejects Plaintiff's objections and dismisses Count III as time-barred.[3]

---

[3] Because Count III is dismissed in its entirety, the court need not consider Judge Gold's alternative recommendations. (See R&R at 21-22.)

9

### 2. Exhaustion of the FTCA Claim in Count IV

Defendants moved to dismiss the FTCA claim in Count IV on the basis that Plaintiff failed to properly exhaust his administrative remedies. (Defs.' Mot. Ex. 2 (Mem. in Supp.) ("Defs.' Mem.") at 17-21.) Judge Gold recommends that Defendants' motion be denied on the basis that the administrative complaint underlying Count IV was not denied until after Plaintiff filed the original complaint, and that Plaintiff thus acted properly by adding Count IV to the First Amended Complaint. (R&R at 7-9.) Defendants did not file an objection, so the court reviews for clear error. Finding none, the court adopts Judge Gold's recommendation and denies Defendants' motion to dismiss the FTCA claim in Count IV.

### 3. Common-Law Tort Claims Asserted Against Individual Defendants

Judge Gold recommends that Plaintiff's common-law tort claims be dismissed as to all Individual Defendants in Counts I, II, and IV. (Id. at 21.) "[A] claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA." (Id. at 9 (quoting Castro v. U.S., 34 F.3d 106, 110 (2d Cir. 1994)).) Judge Gold found "no basis for concluding that the [Individual Defendants] in this case were not acting within the scope of their employment," and therefore concluded that the FTCA is Plaintiff's exclusive remedy. (Id. at 10.)

Plaintiff did not object to the R&R with respect to Count I. The court finds no clear error, and adopts Judge Gold's recommendation to dismiss the common-law tort claims against the Individual Defendants.

With regard to Counts II and IV, Plaintiff objects to Judge Gold's finding that the MDC and MCC employees were acting within the scope of their employment. (Objs. at 2-3.) Specifically, Plaintiff objects to Judge Gold's discussion of the Second Amended Complaint, "which clearly and unequivocally alleges that these defendants were 'acting within the scope of

10

their employment' at all relevant times." (R&R at 9 (quoting SAC ¶¶ 8, 9, 42, 43, 46, 47, 48, 52, 55).) Plaintiff argues that Judge Gold failed to acknowledge Plaintiff's ability to articulate factual allegations in the alternative, such as alleging that the Individual Defendants acted within the scope of their employment for the purposes of the FTCA claims, but that these same individuals acted outside the scope of their employment for the purposes of the common-law tort claims. (Objs. at 2-3.) In light of this objection, the court reviews de novo Judge Gold's assessment of Plaintiff's statements.

The court agrees with Judge Gold's reasoning in the R&R. As a preliminary matter, the Second Amended Complaint does not state an intention to allege facts in the alternative. Plaintiff states repeatedly and explicitly that all Individual Defendants acted within the scope of their employment. Moreover, Judge Gold's analysis relied in large part on the government's affirmative certification that the Individual Defendants were acting within the scope of their employment at all relevant times. (See R&R at 9-11.) That certification constitutes prima facie evidence of the scope of employment and shifts the burden to Plaintiff. (See id. at 10 (citing Griebsch v. Weaver, No. 05-CV-958 (TJM), 2005 WL 2260374, at *2 (N.D.N.Y. Sept. 16, 2005)).) The Second Amended Complaint contains no allegations sufficient to meet that burden. (See id. at 10-11.) Plaintiff made no objection to this portion of Judge Gold's analysis. Thus, even if Plaintiff had clearly stated an intention that the offending statements as to scope of employment should be considered as hypothetical or alternative, Judge Gold's conclusion would be supported by independent and adequate legal grounds.

The court rejects Plaintiff's objection. As with Count I, the common-law tort claims in Counts II and IV are dismissed as to the Individual Defendants.

#### 4. Surviving FTCA Claims

Consistent with the above analysis, the court dismisses Count III in its entirety as time-barred, and dismisses all common-law tort claims against the Individual Defendants in the remaining counts. The only surviving claims in Counts I, II, and IV are the FTCA claims against the United States.

### B. Plaintiff's <u>Bivens</u> Claims (Counts V to X)

Plaintiff brings <u>Bivens</u> claims against several MDC and MCC employees, alleging that they violated his constitutional rights by acting with deliberate indifference to his medical needs (Counts V and VIII); failing to properly cook his food (Count VI); placing him in the SHU in retaliation for filing administrative complaints (Count VII); treating Plaintiff differently from other similarly situated inmates by delaying his access to medical treatment (Count IX); and engaging in a conspiracy to violate his First and Fifth Amendment rights (Count X). (SAC ¶¶ 56-64.) For the reasons stated below, the court dismisses all claims brought against any Individual Defendants in their official capacity, as well as the claims brought against certain subsets of Individual Defendants in their individual capacity.

#### 1. Sovereign Immunity

Judge Gold recommends dismissal of all claims in Counts V through X against Individual Defendants in their official capacity. (R&R at 22.) Judge Gold found that the federal government has not waived sovereign immunity with regard to such claims, and that the court therefore lacks subject matter jurisdiction. (<u>Id.</u> at 14-15.) In reaching that conclusion, Judge Gold rejected Plaintiff's contention that "sovereign immunity has been expressly waived by the Little Tucker Act, which . . . confers jurisdiction on federal district courts to hear certain claims against the United States where the amount in controversy does not exceed $10,000." (R&R at 14 (citations to the record omitted) (discussing 28 U.S.C. § 1346(a)(2)).) Judge Gold

12

explained that "courts routinely dismiss <u>Bivens</u> claims brought against individual defendants in their official capacities, and hold that such claims 'must be brought against the federal officers involved in their individual capacities.'" (<u>Id.</u> at 15 (quoting <u>Robinson v. Overseas Military Sales Corp.</u>, 21 F.3d. 502, 510 (2d Cir. 1994)).)

Plaintiff does not object with regard to Counts V through IX, and so the court reviews for clear error. Finding none, the court adopts the recommendation to dismiss all claims against Individual Defendants sued in their official capacity.

With regard to Count X, Plaintiff objects that Defendants did not "raise[] a Rule 12(b)(6) challenge to a waiver of sovereign immunity under the 'Little Tucker Act' . . . until their reply motion; therefore, the argument should be deemed 'waived.'" (Objs. at 4 (citations to the record omitted) (citing <u>Conn. Bar Ass'n v. United States</u>, 620 F.3d 81, 91 n.13 (2d Cir. 2010)).) The court reviews Judge Gold's analysis <u>de novo</u> with respect to Count X and finds Plaintiff's objection to be without merit. "The failure of the parties to contest the district court's authority to hear a case does not act to confer federal jurisdiction since a challenge to subject matter jurisdiction cannot be waived and may be raised . . . <u>sua sponte</u> at any time."[4] <u>Mastafa v. Chevron Corp.</u>, 770 F.3d 170, 187 (2d Cir. 2014) (quotation marks and citation omitted).

Judge Gold was correct to consider the issue of sovereign immunity, and properly found that the court lacks jurisdiction over Plaintiff's <u>Bivens</u> claims against Individual Defendants in their official capacity. The court dismisses all such claims in Counts V to X.

---

[4] Even if the court were not obligated to consider subject matter jurisdiction <u>sua sponte</u>, the court notes Defendants' argument that "Plaintiff [] failed to identify any applicable sovereign immunity waiver with respect to his claims against the . . . . the Individual Defendants in their official capacity." (Defs.' Mem. at 10.)

2. <u>Immunity Under the Public Health Service Act</u>

Judge Gold recommends dismissal of all <u>Bivens</u> claims against Individual Defendants Pamela Hamilton, a dentist (Count V), and Jaime Altman, a nurse (Counts V and IX), on the grounds that they have immunity under the Public Health Service Act, 42 U.S.C. § 233(a). (R&R at 22.) Plaintiff objects to Judge Gold's finding of immunity, but does not offer any reasons beyond those already raised in his Cross-Motion. (<u>Compare</u> Obj. at 4-5 <u>with</u> Pl.'s Cross-Mot., Mem. in Supp. ("Pl.'s Mem.") at 5.) Because Plaintiff "simply reiterates his original arguments, the [c]ourt reviews the Report and Recommendation only for clear error." <u>Locurto</u>, 2016 WL 4257550, at *2 (internal quotation marks and citation omitted). The court finds no clear error, and so adopts the recommendation to dismiss all claims in Counts V and IX against Defendants Hamilton and Altman.

3. <u>Exhaustion of Administrative Remedies</u>

Defendants moved for summary judgment on all of Plaintiff's <u>Bivens</u> claims against Individual Defendants in their individual capacity. Defendants argue that these claims should be dismissed because Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Defs.' Mem. at 13-16.) Judge Gold found that Plaintiff sufficiently alleged exhaustion with regard to events that occurred at the MDC, but not with regard to events at the MCC, and so recommends that Defendant's motion for summary judgment be granted in part and denied in part. (R&R at 19-20.)

a. *Claims Arising out of Events at the MDC*

With regard to Plaintiff's MDC-related claims, Judge Gold identified a dispute of material fact as to whether Plaintiff properly followed administrative procedures for filing a claim and appealing any denials thereof. (<u>Id.</u> at 17-18.) Judge Gold thus recommends that the court deny summary judgment on these claims. Neither party has objected, and so the court

14

reviews for clear error. Finding none, the court denies Defendants' motion for summary judgment with regard to the MDC-related claims in Counts V, VI, VII, IX, and X. (Id. at 19-20.)

b. *Claims Arising out of Events at the MCC*

Plaintiff does not allege that he exhausted all administrative remedies with regard to the specific events at the MCC. Rather, Plaintiff argued in his Cross-Motion "that defendants should be estopped from asserting an exhaustion defense and that special circumstances justify any failure on his part to exhaust his administrative remedies." (See id. at 18 (citing Pl.'s Mem. at 6, 10-11).) Judge Gold found this argument unconvincing, and recommends granting summary judgment in favor of Defendants as to non-exhaustion of all MCC-related Bivens claims. (Id. at 19-20.)

Plaintiff objects to Judge Gold's recommended dismissal on two grounds. First, Plaintiff argues that "the MCC claims are simply a continuing violation based on the same issues alleged at the MDC," and that Plaintiff was therefore not required to independently exhaust his administrative remedies as to both sets of claims. (Objs. at 4 (citing Johnson v. Killian, 680 F.3d 234, 238-39 (2d Cir. 2012).) This argument was already presented in Plaintiff's Cross-Motion, however (see Pl.'s Mem. at 6), and so the court reviews for clear error. The court finds none, and therefore rejects this objection. See, e.g., White v. Velie, No. 9:15-CV-88 (TJM) (ATB), 2015 WL 10567827, at *7 (N.D.N.Y. Dec. 18, 2015), R&R adopted, 2016 WL 1238242 (N.D.N.Y. Mar. 28, 2016) ("The fact that plaintiff has previously raised excessive force or medical care claims does not excuse him from exhausting all future claims based on medical care or excessive force.").

Second, Plaintiff argues that he was excused from the exhaustion requirement because the "administrative remedy, although officially on the books, is not capable of use to obtain relief." (Objs. at 6 (quoting Ross v. Blake, —— U.S. ——, 136 S. Ct. 1850, 1853 (2016)).) Blake

15

was not decided until after Plaintiff filed his Cross-Motion, and is thus an ostensibly new argument. Plaintiff's contentions under Blake, however, merely restate the Cross-Motion's proffered justifications for non-exhaustion under the then-governing standard in Hemphill v. New York, 380 F.3d 680 (2004). (Compare Objs. at 6 with Pl.'s Mem. at 6, 9-11.) In any event, Judge Gold considered Plaintiff's allegations under the new Blake standard and found them unavailing. (See R&R at 19.) Because Plaintiff has failed to assert any new arguments, the court reviews for clear error. The court finds no clear error other than the R&R's failure to list Count VII as containing MCC-related claims. (See SAC ¶ 60 (naming MCC employees as defendants in Count VII).) The court therefore rejects Plaintiff's objection and adopts Judge Gold's recommendation to grant summary judgment in favor of Defendants and dismiss all Bivens claims relating to events arising out of events at the MCC in Counts VII, VIII, IX, and X.[5]

    4.  Surviving Bivens Claims

Consistent with the above analysis, all claims are dismissed as to all Individual Defendants sued in their official capacity. As to Individual Defendants sued in their individual capacity, the court rules on Plaintiff's Bivens claims as follows:[6]

- In Count V, the court dismisses all claims against Defendants Altman and Hamilton; claims survive against Defendants Georgy and Rios;
- Count VI survives in its entirety;

---

[5] Because these claims are dismissed, the court need not consider Judge Gold's alternative recommendation that the claims be transferred to another jurisdiction pursuant to 28 U.S.C. § 1404(a). (See R&R at 22.)

[6] The Second Amended Complaint does not explicitly identify the location of the alleged unconstitutional conduct for each of Plaintiff's Bivens claims. The court infers the following based on Defendant's 56.1 Statement, which specifies the work location for each Individual Defendant during the relevant time period.

16

- In Count VII, the court dismisses all claims against Defendants Linaweaver and Doe; claims survive against Defendants Strada, Bradley, Bryant, and Ortiz;

- Count VIII is dismissed in its entirety;

- In Count IX, the court dismisses all claims against Defendants Altman, Linaweaver, Iwuagwu, Okoth, and Guillaume; claims survive against Defendants Strada, Bradley, Bryant, Ortiz, Georgy, and Rios;

- In Count X, the court dismisses all claims against Defendants Linaweaver, Doe, Iwuagwu, Okoth, and Guillaume; claims survive against Defendants Strada, Bradley, Bryant, Ortiz, and Georgy.

C. **Transfer of Venue**

Judge Gold recommends that Count IV (Plaintiff's FTCA claim against the United States related to medical care at the MCC) be severed and transferred to the Southern District of New York.[7] (R&R at 11-14.) The court rejects Plaintiff's objections and finds that the surviving Count IV claims should be so severed and transferred.

1. Judge Gold's Analysis

An FTCA claim "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). As to the first prong, Judge Gold found that Plaintiff did not "reside" in the Eastern District of New York for the purposes of the FTCA. A prisoner's residence is not determined based on the location where he is incarcerated, but rather based on his residence prior to incarceration. (R&R at 12 (collecting cases).) Defendants submitted prison records "indicating that [P]laintiff resided at an address in Manhattan" before his incarceration at MDC. (Id. at 11-12 (citations to the record

---

[7] Judge Gold also recommended severance and transfer of Count III and certain Bivens claims in Counts VIII to X. (See R&R at 21-22.) Because the court has dismissed these claims, the recommendation to transfer is moot.

17

omitted).) Plaintiff contended that his residence for venue purposes should be the Eastern District (see Pl.'s Mem. at 8), but he failed to "provide the Kings County address at which he claims he once resided and has not offered any evidence, other than his own assertion, that he actually maintained a residence in the Eastern District before his incarceration" (R&R at 12). Judge Gold therefore found that Plaintiff's residence is in the Southern District.

As to the second prong, "it is undisputed that the actual events underlying the claims made by plaintiff in [Count IV] occurred in Manhattan," where the MCC is located. (Id. at 13.) Plaintiff failed to allege any specific facts that would link the MCC claims in Count IV to Plaintiff's allegations of illegal conduct that occurred at the MDC, which is in the Eastern District of New York. (Id.)

### 2. Plaintiff's Objections

Plaintiff raises several objections as to venue, most of which echo the arguments from his Cross-Motion. (Compare Objs. at 3, 5-6, with Pl.'s Mem. at 8-9.) The sole novel feature is Plaintiff's offer to substantiate his claim that he resided in King's County before being incarcerated: Plaintiff states that if a specific Kings County address "is required to retain venue, he can subsequently provide such under seal." (Objs. at 3.) The court notes, however, that Plaintiff has had ample opportunity to provide such an address in the three iterations of his complaint, in his Cross-Motion—which included conclusory declarations as to his residency, objections to Defendants' evidence that Plaintiff resided in Manhattan, and several legal arguments as to proper venue—and now in his objections to the R&R.

The Second Circuit has long "upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's de novo review" of an R&R. Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998); see also Rivera v. Ercole, No. 09-CV-5547 (DAB), 2013 WL 4414863, at *1 (S.D.N.Y. Aug. 15, 2013) ("[A] party has 'no

18

right to present further testimony when it offered no justification for not offering the testimony'" in prior proceedings.(quoting Pan Am. World Airways, Inc. v. Int'l Bros. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990)). The court declines to delay these proceedings by affording Plaintiff an opportunity to submit new evidence. Plaintiff had every reason to know that such evidence may have been material when Defendants first raised the issue of venue in June 2015, over a year ago. (See Def.'s Mem. at 21-24.) Plaintiff has offered no excuse for failing to submit such evidence in the intervening period.

\* \* \*

Because Plaintiff has not raised any new legal arguments in his objections, the court reviews the R&R for clear error. Finding none, the court adopts Judge Gold's recommendation that the surviving claims in Count IV be severed and transferred to the Southern District of New York.

### D. Plaintiff's Request for Additional Discovery

Plaintiff requested additional discovery in both the Cross-Motion and the objections, but did not specify which issues may require further factual development. (See Pl.'s Mem. at 11; Objs. at 7.) Because several of Plaintiff's claims have survived Defendants' motions, the court directs the parties to complete any additional discovery that may be needed under the supervision of Judge Gold.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's objections are REJECTED and Judge Gold's Report and Recommendation is ADOPTED IN FULL. Accordingly, Defendants' Motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's Cross-Motion is DENIED.

In summary:

- Count IV is hereby SEVERED and TRANSFERRED to the Southern District of New York.
- The following claims survive Defendants' Motion:
    - In Counts I, II, and IV, the FTCA claims against the United States; and
    - In Counts V, VI, VII, IX, and X, the <u>Bivens</u> claims against Individual Defendants in their individual capacity related to events that allegedly occurred at the MDC, except insofar as such claims are barred under the Public Health Service Act.
- All other claims are DISMISSED.

The parties are DIRECTED to schedule a status conference with Judge Gold to discuss outstanding discovery needs on the surviving claims.

SO ORDERED.

Dated: Brooklyn, New York
September 27, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge