UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROYCE CORLEY,                                  :
                                               :
                             Plaintiff,  :     ORDER
                                               :     14-CV-925 (NGG) (SMG)
      -against-                               :
                                               :
UNITED STATES OF AMERICA, et al.               :
                                               :
                            Defendants.  :
------------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

      By letter dated November 23, 2016, Docket Entry 106, defendants move for reconsideration of a ruling I made during a conference held on November 9, 2016. At that time, I ruled that plaintiff, who is incarcerated, may depose defendants by video link. I further directed defendants to record the depositions, either by retaining a court reporter or by arranging to make an audio recording. *See* Docket Entry 103. Defendants now seek reconsideration of my ruling that they are to record the depositions taken by the plaintiff.

      A party moving for reconsideration must "point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not, however, "be used as a vehicle to advance new theories or adduce new evidence in response to the court's rulings." *Chin v. U.S. Postal Service*, 2009 WL 3174144, at *1 (E.D.N.Y. Oct. 1, 2009) (internal quotations and citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied." *Shrader*, 70 F.3d at 257.

      Defendants do not point to controlling decisions or data overlooked by the Court. Moreover, while defendants suggest that plaintiff may propound written questions rather than

conduct depositions by video link, they do not contend that a deposition on written questions is as useful to a litigant as one conducted live or by video conference. Indeed, during the conference held on November 9, counsel for defendants indicated his intention to depose plaintiff either in person or by video conference, and did not propose taking plaintiff's deposition on written questions.

Defendants also argue that requiring them to record their depositions imposes a significant burden. However, they do not convincingly explain why, with digital recording capacity as ubiquitous as it is, the Assistant U.S. Attorney defending the defendants' depositions could not also make an audio recording of it with minimal additional effort and expense. Finally, although the issue was raised at the November 9 conference, defendants do not explain how, if they intend to seek summary judgment, they will be in a position to do so without transcripts of their deposition testimony.

For all these reasons, defendants' motion for reconsideration is denied. The Court will provide plaintiff, who is incarcerated and proceeding pro se, with a copy of this Order by mail.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
November 29, 2016

U:\corley reconsider.docx