D|F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ROYCE CORLEY,

                       Plaintiff,

        -against-

UNITED STATES OF AMERICA et al.,

                       Defendants.
---------------------------------------------------------------------X

**MEMORANDUM & ORDER**

14-CV-925 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

      On February 10, 2014, Plaintiff Royce Corley, a federal prisoner proceeding pro se, filed this Federal Tort Claims Act suit against Defendants the United States of America (the "Government") and various employees of the Metropolitan Detention Center in Brooklyn ("MDC"). (Compl. (Dkt. 1).) He alleges that, among other things, he cracked a tooth while eating uncooked rice at the MDC and that he received inadequate medical care for the broken tooth and for his contact dermatitis or eczema. (Compl.; see also Second Am. Compl. (Dkt. 61) ¶¶ 11-39; Supp. to the Second Am. Compl. (Dkt. 62).) After the court granted Defendants summary judgment on some of Plaintiff's claims, the parties filed a joint stipulation to dismiss this case with prejudice on May 30, 2017, which the court approved later that day. (Stip. of Dismissal (Dkt. 119); Order Approving Stip. of Dismissal (Dkt. 120).)

      On May 30, 2018, Plaintiff moved the court to either set aside, under Federal Rule of Civil Procedure 60(b)(3) and (b)(6), its judgment dismissing the case with prejudice and to enforce the settlement agreement; or, alternatively, proceed with discovery. (Pl. May 30, 2018, Mot. ("Mot.") (Dkt. 121).) Plaintiff contends that, although the Government agreed to pay him $6,000 in exchange for the dismissal of all his claims, it subsequently forwarded his check to the U.S. Department of the Treasury (the "Treasury Department") to satisfy his outstanding debt to

the U.S. Department of Education (the "Education Department"). (Id. ¶¶ 6-8.) Plaintiff argues that this "debt was not legally enforceable" and was "illegal"; that the Government's use of the settlement proceeds to satisfy his debt did not comply with 31 U.S.C. § 3728; and—construing his pro se pleadings liberally, see McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)—that this setoff violated his rights under the Due Process Clause of the Fifth Amendment to the U.S. Constitution. (Id. ¶¶ 9-11, 13.) In a letter dated August 31, 2018, Plaintiff informed the court that he had received the $6,000 in settlement proceeds and that the only remaining issue was whether he should be entitled to receive "interest" for the allegedly delayed payment. (Pl. Aug. 31, 2018 Letter (Dkt. 127).)

For the following reasons, Plaintiff's motion to enforce the settlement agreement and compel the Government to pay him interest on its $6,000 settlement payment is DENIED.

## I. BACKGROUND

### A. Settlement Agreement

The parties' settlement agreement, dated May 24, 2017, provided for dismissal of this action and payment of $6,000 to Plaintiff. (See Mot. ¶ 6; May 24, 2017 Settlement Agreement ("Agreement") (Dkt. 129-1 at ECF p.4).) The agreement does not appear to include a timeframe for payment or any provisions contemplating interest based on the payment's timing. (Agreement.) Further, the agreement does not provide for the court to retain jurisdiction to enforce the settlement. (Id.)

### B. Plaintiff's Unpaid Student Loans

Plaintiff has defaulted student loans, held by the Education Department, with a principal balance of roughly $42,000. (Decl. of Chad Keller ("Keller Decl.") (Dkt. 129-2) ¶ 6.) At some point before August 2017, the Education Department referred Plaintiff's debt to the Treasury

2

Offset Program, which "collects delinquent debts owed to federal agencies and states pursuant to, inter alia, 26 U.S.C. § 6402(d) (providing for collection of debts owed to federal agencies).") (Defs. Mem. in Opp'n (Dkt. 129) at 3 (quoting United States v. Hunter, No. CV-01-1925 (CPS), 2007 WL 2122052, at *2 n.10 (E.D.N.Y. July 23, 2007)).) Unless explicitly exempted by Congress or by the Secretary of the Treasury, all federal payments are subject to offset to collect delinquent federal debt, including judgments and settlements paid by the United States. See 35 C.F.R. § 285.5(e)(1). The full amount of these payments may be offset. See 31 U.S.C. § 3716(c)(1)(A); Benjamin v. United States, No. 13-CV-313, 2014 WL 3900220, at *1-2 (M.D. Pa. Aug. 8, 2014).

### C. Delay in Settlement Payment to Plaintiff

On or about August 14, 2017, when the Government was processing its settlement payment to Defendant, the Treasury Department intercepted the payment and forwarded it to the Education Department, who applied it toward Plaintiff's unpaid student debt. (See Keller Decl. ¶ 10; James R. Cho Aug. 28, 2017 Letter ("Cho Letter") (Dkt. 129-1 at ECF p.15) at 2.) The Government told Plaintiff this in a letter dated August 28, 2017. (Cho Letter at 1.) Nine months later, on May 30, 2018, Plaintiff challenged the offset for the first time by filing a motion to enforce the settlement agreement, in which he asked the court to compel the Government to pay him the $6,000 directly rather than offsetting his debt. (Mot.) Afterward, the Education Department decided to authorize giving Plaintiff the $6,000 directly. (Keller Decl. ¶ 11.) Plaintiff acknowledged receipt of the $6,000 in a letter dated August 31, 2018, and asked the court to compel the Government to pay him interest to compensate for the delay in the settlement payment. (Pl. Aug. 31, 2018 Letter.)

3

## II. DISCUSSION

Plaintiff's motion must be denied for two reasons. First, this court lacks jurisdiction to enforce the parties' settlement agreement because the agreement did not provide that the court would retain such jurisdiction (Settlement Agreement), the agreement was not incorporated into the court's order dismissing this action (Order Approving Stip. of Dismissal), and there is no independent basis for federal jurisdiction over the settlement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (stating that "enforcement of the settlement agreement is for state courts" unless the agreement provides for the court's enforcement of it, the court's dismissal order incorporates it, or "there is some independent basis for federal jurisdiction"). The cases Plaintiff cites are inapposite because they are about federal courts' power to enforce judgments, not settlement agreements. (Pl. Reply in Supp. of Mot. (Dkt. 132) at 1 (citing Peacock v. Thomas, 516 U.S. 349, 356 (1996); Dulce v. Dulce, 233 F.3d 143, 146 (2d Cir. 2000)).)

Second, the parties' settlement agreement does not include a deadline by which the Government had to pay Plaintiff $6,000, and does not provide for payment of interest. (Settlement Agreement.) When a settlement agreement neither provides for interest nor sets a time frame for payment, a plaintiff is not entitled to receive interest on the settlement because of an alleged delay in payment. Nicaj v. City of New York, No. 07-CV-2382 (LBS), 2009 WL 513941, at *1 (S.D.N.Y. Feb. 26, 2009) (denying request for interest resulting from delayed payment); see Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999) (stating that settlement agreements must be "construed according to general principles of contract law," and that when a settlement's terms are clear, courts must not "impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself").

## III. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's (Dkt. 121) motion to enforce the settlement agreement and compel the Government to pay him interest on its $6,000 settlement payment. The Clerk of Court is respectfully DIRECTED to send a copy of this memorandum and order to pro se Plaintiff at his address of record by certified mail, return receipt requested, and by regular mail with proof of mailing.

SO ORDERED.

Dated: Brooklyn, New York
March 3/, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge